UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PRICEWATERHOUSECOOPERS LLP<br>HEALTH AND WELFARE BENEFITS PLAN | : | CIVIL ACTION NO. 3:18-CV-00526-VAB |
| Plaintiff, | : | |
| V. | : | |
| ARTHUR A. MAYER and<br>JAMES O. GASTON | : | |
| Defendants. | : | MAY 14, 2018 |

## AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff, PricewaterhouseCoopers LLP Health and Welfare Benefits Plan ("PWC Plan") amends its complaint to enforce the terms of the PWC Plan and for equitable relief arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et. seq.* ("ERISA"), as follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132.

2. The defendants are subject to this Court's *in personam* jurisdiction because they are citizens of Connecticut and committed the acts and omissions complained of in Connecticut.

3. Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court because the defendants reside in this district and the violation of the PWC Plan's terms occurred and continues to occur in this district.

**PARTIES**

4. The PWC Plan is a self-funded "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002. The PWC Plan provides health care benefits to PricewaterhouseCoopers employees and their eligible dependents.

5. At times relevant to this Complaint, defendant Arthur A. Mayer ("Mayer") was a participant in the PWC Plan and was a Covered Person under the PWC Plan. Upon information and belief, Mayer is a resident of Waterbury, Connecticut.

6. Defendant James O. Gaston ("Gaston") is an attorney licensed to practice in Connecticut with an office located at 239 Golden Hill Street in Bridgeport, Connecticut. Defendant Gaston represented Mayer in a civil action captioned *Arthur A. Mayer, et al. v. David K. Long et al.*, in Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. FBT-CV15-6051309-S, ("*Mayer* Litigation").

**FACTS**

7. The terms of the PWC Plan are set forth and contained in the PricewaterhouseCoopers Summary Plan Description, Group No. 752713 ("SPD").

8. The SPD provides full rights to the PWC Plan to recover from employees or dependents for the cost of health benefits paid on their behalf under the PWC Plan. The SPD states, in pertinent part:

**RIGHT TO SUBROGATION/THIRD PARTY RECOVERY**

> You shall cooperate with PWC and its agents in a timely manner to protect its legal and equitable rights to subrogation and reimbursement.
>
> …

> If a third party may be liable for a covered medical expense that you or your Dependent have incurred, the Plan has a right of subrogation to any claim that you or your Dependent have against the third party. The Plan will then be entitled to be paid back from any amount that you or your Dependent recover against the third party for any expenses that the Plan has had, and the recipient of any such recovered amounts shall hold the funds in constructive trust for the Plan.
>
> The Plan has a right of reimbursement against any recovery by you or your Dependents from a third party. No court costs or attorneys' fees may be deducted from the Plan's recovery without the Plan's express written consent and the Plan is not required to participate in or pay court costs or attorneys' fees to the attorney hired by you or your Dependents to pursue damages or personal injury claims. No so-called "fund doctrine" or "common fund doctrine" right shall defeat the Plan's rights. Regardless of whether you or your Dependents have been fully compensated or made whole, the Plan may collect from you or your Dependents the proceeds of any full or partial recovery that you or your Dependents or legal representative obtain, whether in the form of a settlement (either before or after any determination of liability) or judgment. The proceeds available for collection by PWC shall include, but not be limited to, any and all amounts whether designated in any settlement or judgment as economic damages, non-economic damage, punitive damages, attorneys' fees or otherwise. You shall not, without PWC's written consent, settle any claim for an amount less than the amount that PWC has paid or advanced on your behalf.

9.  Mayer suffered personal injuries in a motor vehicle accident on or about May 11, 2015. In connection with the personal injuries Mayer suffered, the PWC Plan provided health benefit coverage and paid for the cost of health care benefits on behalf of Mayer from the assets of the PWC Plan in the amount of $44,167.59. Such payment was funded directly from Plan assets.

10. Gaston prosecuted the *Mayer* Litigation seeking recovery for the personal injuries sustained arising out of the May 11, 2015 motor vehicle accident.

11. On information and belief, Mayer, through his attorney, Gaston, resolved the *Mayer* Litigation through settlement for an amount of at least $250,000.

12. While the *Mayer* Litigation was pending and prior to the settlement of such litigation, the PWC Plan gave notice to Mayer through his counsel, Gaston, of the PWC Plan's rights to subrogation and reimbursement from any and all proceeds of a payment, settlement or judgment in the *Mayer* Litigation.

13. The defendants have failed or refused to make payment to the PWC Plan from the proceeds of the *Mayer* Litigation.

14. Upon information and belief, Gaston holds or has disbursed a portion of the proceeds of the *Mayer* Litigation to himself, despite notice of the PWC Plan's reimbursement interest in the amount of $44,167.59 from the funds obtained for Mayer arising out of his personal injuries.

**COUNT ONE:  ENFORCEMENT OF TERMS OF THE PLAN
UNDER 29 U.S.C. § 1132(a)(3) AS AGAINST ARTHUR A. MAYER**

15. The PWC Plan incorporates by reference and realleges the allegations set forth in paragraphs 1-14 above as if the same were herein separately set forth.

16. The PWC Plan seeks equitable relief, including, but not limited to, restitution, enforcement of a constructive trust, and a declaration of rights under the PWC Plan against defendant Mayer to enforce ERISA and the terms of the PWC Plan as set forth in the SPD.

17. By refusing to cooperate with the PWC Plan to protect its rights and by refusing to reimburse the PWC Plan for the cost of health benefits paid on behalf of Mayer from the amount obtained in connection with the *Mayer* Litigation, defendant Mayer has violated the terms of the PWC Plan as set forth in the SPD.

18. Because the acts of defendant Mayer violated the PWC Plan's terms, the PWC Plan is entitled to an order declaring its rights to the amount of funds ($44,167.59) and requiring defendant Mayer to disgorge that amount from the proceeds of the *Mayer* Litigation.

**COUNT ONE:  ENFORCEMENT OF TERMS OF THE PLAN**
**UNDER 29 U.S.C. § 1132(a)(3) AS AGAINST JAMES O. GASTON**

19. The PWC Plan incorporates by reference and realleges the allegations set forth in paragraphs 1-18 above as if the same were herein separately set forth.

20. The PWC Plan seeks equitable relief, including, but not limited to, restitution, enforcement of a constructive trust, and a declaration of rights under the PWC Plan against defendant Gaston to enforce ERISA and the terms of the PWC Plan as set forth in the SPD.

21. By refusing to cooperate with the PWC Plan to protect its rights and by refusing to reimburse the PWC Plan for the cost of health benefits paid on behalf of Mayer from the amount obtained in connection with the *Mayer* Litigation, defendant Gaston has violated the terms of the PWC Plan as set forth in the SPD.

22. Because the acts of defendant Gaston violated the PWC Plan's terms, the PWC Plan is entitled to an order declaring its rights to the amount of funds ($44,167.59) and requiring

defendant Gaston to disgorge that amount from the proceeds of the *Mayer* Litigation which are held in his trust account.

**PRAYER FOR RELIEF**

WHEREFORE, the PWC Plan requests that the Court:

1. Enter an order granting a declaratory judgment, constructive trust, and restitution against the defendants, requiring the defendants to turn over $44,167.59 from the proceeds of the *Mayer* Litigation;

2. Order that the defendants pay the PWC Plan's attorney's fees and costs pursuant to 29 U.S.C. § 1132(g);

3. Award interest; and

4. Award any other relief to which the PWC Plan is entitled as the Court may deem just and equitable.

        PLAINTIFF
        PRICE WATERHOUSE COOPERS LLP
        HEALTH AND WELFARE BENEFITS
        PLAN


        By/s/  Kelly Frye Barnett
           Theodore T. Tucci (ct05249)
           Kelly Frye Barnett (ct29817)
           Robinson & Cole LLP
           280 Trumbull Street
           Hartford, CT 06103-3597
           Tel. No.: (860) 275-8200
           Fax No.: (860) 275-8299
           E-mail: ttucci@rc.com
                     kbarnett@rc.com

CERTIFICATE OF SERVICE

      I hereby certify that on May 14, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ Kelly Frye Barnett
      Kelly Frye Barnett