UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PRICEWATERHOUSECOOPERS LLP
HEALTH AND WELFARE BENEFITS
PLAN,
    *Plaintiff*,

v.

ARTHUR A. MAYER and JAMES O.
GASTON,
    *Defendants.*

No. 3:18-cv-526 (VAB)

**RULING ON MOTION TO DISMISS**

PricewaterhouseCoopers LLP Health and Welfare Benefits Plan ("PWC") brings this action against Arthur Mayer and his personal injury attorney, James O. Gaston, under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq*. ("ERISA") for health insurance reimbursement. Mr. Gaston moves to dismiss because PWC failed to state a claim upon which relief can be granted. Motion to Dismiss, ECF No. 19 ("ECF No. 19").

For the following reasons, the Court **DENIES** Mr. Gaston's motion to dismiss.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

    A.     **Factual Allegations**

PWC is a self-funded employee welfare benefit plan under 29 U.S.C. § 1001. Am. Compl., ECF No. 14. PWC covered Mr. Mayer. *Id* at ¶ 5. The PWC Summary Plan Description gives full rights to PWC to recover from employees or dependents for the cost of health benefits paid on their behalf under the PWC health plan. *Id* at ¶ 8. The plan description states in pertinent part:

1

RIGHT TO SUBROGATION/THIRD PARTY RECOVERY

> You shall cooperate with PWC and its agents in a timely manner to protect its legal and equitable rights to subrogation and reimbursement.
> . . .
> If a third party may be liable for a covered medical expense that you or your Dependent have incurred, the Plan has a right of subrogation to any claim that you or your Dependent have against the third party. The Plan will then be entitled to be paid back from any amount that you or your Dependent recover against the third party for any expenses that the Plan has had, and the recipient of any such recovered amounts shall hold the funds in constructive trust for the Plan. The Plan has a right of reimbursement against any recovery by you or your Dependents from a third party. No court costs or attorneys' fees may be deducted from the Plan's recovery without the Plan's express written consent and the Plan is not required to participate in or pay court costs or attorneys' fees to the attorney hired by you or your Dependents to pursue damages or personal injury claims. No so-called "fund doctrine" or "common fund doctrine" right shall defeat the Plan's rights. Regardless of whether you or your Dependents have been fully compensated or made whole, the Plan may collect from you or your Dependents the proceeds of any full or partial recovery that you or your Dependents or legal representative obtain, whether in the form of a settlement (either before or after any determination of liability) or judgment. The proceeds available for collection by PWC shall include, but not be limited to, any and all amounts whether designated in any settlement or judgment as economic damages, noneconomic damage, punitive damages, attorneys' fees or otherwise. You shall not, without PWC's written consent, settle any claim for an amount less than the amount that PWC has paid or advanced on your behalf.

*Id*.

On May 11, 2015, Mr. Mayer suffered injuries in a motor vehicle accident. *Id*. at ¶ 9. PWC spent $44,167.59 for Mr. Mayer's health care in connection with those injuries. *Id*.

Mr. Gaston represented Mr. Mayer in the civil action arising from Mr. Mayer's accident in Connecticut Superior Court ("*Mayer* Litigation"). *Id*. at ¶ 6. Before the *Mayer* litigation settled, PWC allegedly gave notice to Mr. Mayer, through Mr. Gaston, of PWC's right of subrogation and reimbursement from all proceeds of payment, settlement, or judgment in the *Mayer* Litigation. *Id*. at ¶ 12. PWC alleges that Mr. Gaston settled the *Mayer* Litigation for at

least $250,000. *Id*. at ¶ 11. The Amended Complaint also alleges that Mr. Gaston holds or has disbursed part of the proceeds of the *Mayer* Litigation to himself while no payment has been to PWC. *Id* at ¶ 13–14.

**B.     Procedural History**

On March 28, 2018, PWC filed its Complaint for equitable relief under ERISA. Complaint, ECF No. 1.

On May 5, 2018, Mr. Mayer and Mr. Gaston filed a motion for more definite statement. ECF Nos. 12, 13.

On May 14, 2018, PWC filed its Amended Complaint, separating the allegations against Mr. Mayer and Mr. Gaston into separate counts. ECF No. 14.

On June 21, 2018, the Mr. Gaston filed a motion for nonsuit. ECF Nos. 15, 16.

On June 27, 2018, Mr. Mayer moved to dismiss under Rule 12(b)(1). ECF No. 17. On July 13, 2018, Mr. Mayer moved to withdraw his motion to dismiss in its entirety. Motion to Withdraw, ECF No. 21.

On June 27, 2018, Mr. Gaston moved to dismiss the claim brought against him under Rules 12(b)(1) and 12(b)(6). ECF No. 19. On July 13, 2018, Mr. Gaston moved to withdraw his motion to dismiss, as to the diversity of jurisdiction while still preserving the claim that he is an inappropriate party to this action. ECF No. 22.

On August 2, 2018, the Court granted Mr. Gaston and Mr. Mayer's motions to withdraw their motions to dismiss. Order, ECF No. 27.

On August 17, 2018, PWC opposed the remaining portions of Mr. Gaston's motion to dismiss claim, arguing that Mr. Gaston is a proper party to this action. ECF No. 28.

On October 17, 2018, Mr. Gaston and Mr. Mayer moved to seal an offer of compromise. Motion to Seal Offer of Compromise, ECF No. 34. On October 18, 2018, the Court granted the motion to seal. ECF No. 35.

On November 1, 2018, the Court found Mr. Mayer's and Mr. Gaston's motions for a more definite statement moot based on PWC's amended complaint. ECF No. 35. This Court also found Mr. Gaston's motion for nonsuit order moot because the pending motion to dismiss will address that issue. *Id*.

## II.   STANDARD OF REVIEW

A complaint must have a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must have "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir.) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true"), *cert. denied*, 537 U.S. 1089 (2002).

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## III. DISCUSSION

Mr. Gaston argues that he has no contractual, fiduciary, or privity relationship with PWC and that he should no more be a party than the bank in which Mr. Mayer uses. ECF No. 20, at 1. Mr. Gaston, however, does acknowledge he owes an ethical duty, requiring the safekeeping of Mr. Mayer's property until stipulation of the contesting parties or judgment of the Court. *Id.* Mr. Gaston contends that there is no prejudice to PWC as the assets remain in an escrow account. *Id.* Mr. Gaston also notes that PWC has not provided Form 5500 proof that it is a self-funding plan.

*Id*. at 4. Mr. Gaston argues that because there is no relationship or duty he owes PWC, Plaintiff has failed to state claim against him. *Id*.

PWC contends that Mr. Gaston is a proper party to this action because a third-party holding funds that are subject to an equitable lien by an ERISA plan is a proper defendant in an action to recover the lien amount under ERISA. ECF No. 28 at 4.

The Court agrees.

Under ERISA § 502(a)(3), a health-plan administrator may sue for "appropriate equitable relief . . . to enforce . . . the terms of the plan." *US Airways v. McCutchen,* 569 U.S. 88, 94 (2013). That provision "authorizes the kinds of relief 'typically available in equity' in the days of 'the divided bench,' before law and equity merged." *Id.* at 94–95. Among those authorized kinds of relief, the Supreme Court found an equitable lien for reimbursement of an ERISA plan to be proper because it is "the modern-day equivalent of an action in equity to enforce such a contract-based lien—called an 'equitable lien by agreement.'" *Id.* at 95 (quoting *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 364–365 (2006)). Accordingly, health-plan administrators "could bring an action under § 502(a)(3) seeking the funds that its beneficiaries had promised to turn over." *Id.*

Here, the Court finds that PWC can do the same. While Mr. Gaston is not a party to the contract between PWC and Mr. Mayer, that is not the end of the inquiry. Rather, "claims administrators may be sued as defendants under § 502(a)(1)(B)." *N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 132 (2d Cir. 2015) ("non-plan defendants may be sued under §502(a)(3)"); *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000) ("§ 502(a)(3) makes no mention at all of which parties may be proper defendants—the focus, instead, is on redressing the 'act or practice which violates [ERISA]'"). Indeed, it is

enough that Mr. Gaston has a fiduciary relationship with Mr. Mayer, who does have a contractual relationship with PWC, to enjoin him to this case. *See Trustees of the Teamsters Local Union No. 443 Health Servs. & Ins. Plan v. Papero*, 485 F. Supp. 2d 67, 71 (D. Conn. 2007) (finding that "as possessor of a portion of the funds received by [the beneficiary], [the beneficiary's attorney] is obligated to the Plan, pursuant to the terms of the Reimbursement Agreement" and "need not be a signatory to the agreement in order to be bound by it.").

Since PWC argues that Mr. Gaston resolved the *Mayer* Litigation through settlement and he holds or has disbursed some of the proceeds to himself, PWC plausibly pleads that Mr. Gaston exercised sufficient control over the settlement funds to be a proper defendant. To the extent that Mr. Gaston may be a fiduciary to the plan, as defined by ERISA, the Second Circuit has recognized that whether an individual is a fiduciary in a specific situation is a mixed question of law and fact that may not be decided on a motion to dismiss. *Frommert v. Conkright,* 433 F.3d 254, 271 (2d Cir. 2006) (remanding a fiduciary determination to the district court because "[t]he court made no findings of fact concerning whether defendants acted in a fiduciary capacity towards the plaintiffs").

The Court therefore finds that PWC has not failed to state a claim upon which relief can be granted under *Iqbal* and *Twombly*.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Gaston's motion to dismiss.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of December 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE